**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| PATRICK MCSWEENEY, | CIVIL ACTION |
| Plaintiff, | COMPLAINT 1:21-cv-04532 |
| v. | |
| ALLIED INTERSTATE, LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

**NOW COMES** Patrick Mcsweeney ("Plaintiff"), by and through his undersigned counsel,

complaining as to the conduct of the Defendant, Allied Interstate, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt

Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA") and the Illinois Consumer Fraud

and Deceptive Business Practices Act, 815 ILCS §505/2 ("ICFA"), and violations of the

Bankruptcy Discharge Injunction pursuant to 11 U.S.C. §524.

### JURISDICTION AND VENUE

2. . Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 11 U.S.C.

§524 and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States, and

supplemental jurisdiction exists for the state law ICFA claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant transacts business

in the Northern District of Illinois and all of the events or omissions giving rise to the claims

occurred within the Northern District of Illinois.

1

**PARTIES**

4.  Patrick McSweeney ("Plaintiff") is a natural person who at all times relevant resided in Mount Prospect, Illinois.

5.  Plaintiff is a "consumer" as defined by the 15 U.S.C. § 1692a(3).

6.  At all times relevant to the action, Allied Interstate, LLC ("Defendant") was a limited liability company with its principal place of business located in New Albany, Ohio.

7.  Defendant is in the business of collecting debts in the state of Illinois.

8.  Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

**FACTS SUPPORTING CAUSE OF ACTION**

9.  On October 12, 2020, Plaintiff filed a Chapter 7 petition in the United States Bankruptcy Court, Northern District of Illinois, Case Number 20-18562.

10. Prior to the bankruptcy filing, Plaintiff was indebted to MB Financial Bank ("MB Financial") in the approximate amount of $769.53 ("subject debt").

11. At some point, the subject debt was acquired by Fifth Third Bank ("Fifth Third").

12. Plaintiff included the subject debt on Schedule F of his Chapter 7 petition.

13. On October 15, 2020, the Bankruptcy Noticing Center ("BNC") sent a Notice of Chapter 7 Case to all creditors including MB Financial.

14. On January 22, 2021, Plaintiff received a discharge in his bankruptcy case pursuant to 11 U.S.C. §727, absolving him of all pre-bankruptcy debts, including the subject debt.

15. Pursuant to 11 U.S.C. §524, the Order of Discharge invoked the protections of the discharge injunction prohibiting any acts to collect upon the subject debt by MB Financial, Fifth Third Bank, Defendant or any other party.

16. Plaintiff's personal liability on the subject debt was extinguished via his bankruptcy discharge, thus terminating any liability with MB Financial, Fifth Third Bank, and Defendant.

17. When Fifth Third acquired the subject debt from MB Financial, it stepped into the shoes of the original creditor; therefore, notice to MB Financial is also notice to Fifth Third.

18. Upon information and belief, Fifth Third employed the Defendant to collect on the allegedly defaulted subject debt after the entry of discharge in Plaintiff's bankruptcy case.

19. On July 16, 2021, nearly 6 months after Plaintiff received his Chapter 7 bankruptcy discharge, Defendant sent a dunning letter to Plaintiff demanding payment on the subject debt in the amount of $769.53.

20. Specifically, Defendant's dunning letter references the Fifth Third account, which is the same Fifth Third/MB Financial account listed on Schedule F of Plaintiff's Chapter 7 petition and was subsequently discharged.

21. Defendant's dunning letter expressly states:

"We are a debt collection company and our client, Fifth Third Bank, has contracted with us to collect the debt noted above."

22. Defendant's dunning letter expressly states:

"This is an attempt to collect a debt and any information obtained will be used for that purpose."

23. Defendant's dunning letter was sent to Plaintiff notwithstanding the fact that any collection efforts on the subject debt were prohibited by the bankruptcy discharge injunction pursuant to 11 U.S.C. §524.

24. The dunning letter was highly confusing and upsetting to Plaintiff.

25. Plaintiff has suffered emotional distress and mental anguish as a result of the dunning letter as Plaintiff was led to believe his bankruptcy filing was futile and had no legal effect.

26. Plaintiff has expended time consulting with his attorneys as a result of the deceptive collection actions of Defendant.

27. Concerned about the violations of his rights and protections afforded by virtue of filing his Chapter 7 bankruptcy case, Plaintiff sought the assistance of counsel to ensure that Defendant's collection efforts ceased.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff restates and realleges all previous paragraphs of this Complaint as though fully set forth herein.

    a. **Violations of FDCPA §1692e**

29. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. §1692e.

30. Section 1692e(2) of the FDCPA prohibits a debt collector from the "false representation of (a) the character, amount, or legal status of any debt." 15 U.S.C. §1692e(2).

31. Section 1692e(5) of the FDCPA prohibits a debt collector from making "the threat to take any action that cannot legally be taken of that is not intended to be taken." 15 U.S.C. §1692e(5).

32. Section 1692e(10) of the FDCPA prohibits a debt collector from "the use of any false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer." 15 U.S.C. §1692e(10).

33. Defendant violated §1692e(2) by falsely representing the amount and legal status of the subject debt in its dunning letter as the debt was not due and owing because of the discharge in Plaintiff's bankruptcy.

34. Defendant violated §1692e(5) by sending the dunning letter to Plaintiff as it had no legal right to attempt to collect the subject debt by virtue of the discharge injunction.

35. Defendant violated §1692e(10) by engaging in deceptive conduct by attempting to induce Plaintiff into paying a debt that is no longer owed by virtue of Plaintiff's bankruptcy discharge.

**b. Violations of FDCPA §1692f**

36. Pursuant to §1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

37. Section 1692f(1) of the FDCPA prohibits a debt collector from collecting "any amount. . .unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §1692f(1).

38. Defendant violated §§1692f and f(1) by attempting to collect a debt that is not permitted by law as the discharge injunction prohibits all collections efforts on the subject debt.

39. Defendant attempted to coerce and induce Plaintiff into paying a debt that was not legally owed.

40. Upon information and belief, Defendant has no system or procedures in place to identify and cease collection on discharged debts.

**WHEREFORE**, Plaintiff, PATRICK MCSWEENEY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and statutory damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II -- VIOLATION OF ILLINOIS
### CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

41. Plaintiff restates and realleges all previous paragraphs of this Complaint as though fully set forth herein.

42. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

43. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its attempt to collect a debt from Plaintiff while he was protected by the discharge injunction pursuant to 11 U.S.C. §524.

44. Defendant's dunning letter represents the use of deception, fraud, and false pretense in an attempt to collect a debt because it was not collectable at the time the demand for payment was made.

45. Defendant's demand for payment was made with knowledge of the bankruptcy case filing and was unfair and misleading to Plaintiff.

46. Defendant's confusing and deceptive dunning letter to Plaintiff demonstrates that Defendant regularly engages in such practices designed to mislead debtors.

47. Defendant's practice of collecting on discharged debt is the type of behavior ICFA was enacted to protect against.

48. ICFA was designed to protect consumers from the very acts committed by Defendant.

49. Defendant intended that Plaintiff rely on these misrepresentations.

50. ICFA further states:

> Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper. 815 ILCS 505/10a.

51. As pled above, Plaintiff was harmed by Defendant's unfair and deceptive practices.

52. Moreover, upon information and belief, these unfair and deceptive practices are part of a pattern and practice of behavior in which Defendant routinely engages as part of its lucrative business model.

53. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

**WHEREFORE**, Plaintiff, PATRICK MCSWEENEY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual, punitive, and statutory damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff's costs and reasonable attorney fees;

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III - VIOLATIONS OF THE DISCHARGE INJUNCTION

54. Plaintiff restates and realleges paragraphs 1 through 53 as though fully set forth herein.

### a. Section 11 U.S.C. §524(a)(2)

55. Section 524(a)(2)-(3) of the Bankruptcy Code, commonly known as the "discharge injunction," prohibits "an act, to collect, recover or offset any such debt as a personal liability of the debtor," and "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor." 11 U.S.C. §§524(a)(2)-(3).

56. "Section 524(a)(2) enjoins an act to collect a discharged debt, so a creditor that attempts to collect a discharged debt is in contempt of the [court] that issued the order of discharge." *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 915 (7th Cir. 2001).

57. Punitive damages may be awarded for violations of the bankruptcy discharge, and are especially appropriate when a party acts in "clear disregard and disrespect of the bankruptcy laws." *In re Vazquez*, 221 B.R. 222, 231 (Bankr. N.D. Ill. 1998). Punitive damages of four to ten times the amount of compensatory damages may be appropriate for willful violations of the bankruptcy injunction. *Id.*

**b. Defendant's conduct was perpetual, willful, and wanton**

58. Defendant violated the discharge injunction by willfully attempting to collect the subject debt with actual knowledge of Plaintiff's bankruptcy and the discharged status of the subject debt.

59. Defendant violated the discharge injunction by sending dunning letters to Plaintiff in an attempt to collect the discharged subject debt.

60. Defendant, as a highly sophisticated and experienced debt collector, should have implemented procedures and trained its employees to discourage and prevent willful violations of the discharge injunction. However, the egregious conduct by Defendant, at Plaintiff's expense, establishes otherwise.

61. Defendant has failed to cease collection efforts as mandated by the discharge injunction despite receiving notice of Plaintiff's bankruptcy; leaving Plaintiff with no alternative but to seek judicial enforcement of the discharge injunction.

62. The onus of compliance with the protections afforded by the Bankruptcy Code is on the highly sophisticated debt collector.

63. In order for the discharge injunction to be meaningful, it must be enforced by this Honorable Court, or else it becomes optional and frustrates Congress' goal in providing a "fresh start" to unfortunate debtors.

64. Defendant should have implemented procedures and trained its employees to both discourage and prevent willful and wanton violations of the Bankruptcy Code.

65. Defendant conduct demonstrates that it has no such system in place to honor the rights of consumers under the protection of the Bankruptcy Code. Accordingly, sanctions and punitive damages are warranted to deter future conduct of a similar nature.

**WHEREFORE,** Plaintiff, PATRICK MCSWEENEY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Enter an order finding Defendant in civil contempt of the bankruptcy discharge injunction.

b. Enter an order enjoining Defendant from attempting to collect on the subject debt from Plaintiff.

c. Enter an order directing Defendant to pay $1,250.00 for each dunning letter sent to Plaintiff from January 22, 2021 through the present for actual damages for violations of the bankruptcy discharge injunction.

d. Enter an order directing Defendant to pay $50,000.00 to Plaintiff in punitive damages for violations of the bankruptcy discharge injunction.

e. Enter an order directing Defendant to pay a sum determined by the Court to Plaintiff for all reasonable legal fees and expenses incurred by her attorneys for violations of the bankruptcy discharge injunction.

f. Provide such other and further relief as the Court may deem just and proper.

Dated: August 25, 2021                    Respectfully Submitted,

                                          **PATRICK MCSWEENEY**

                                          */s/ Marwan R. Daher*
                                          Marwan R. Daher, Esq.
                                          *Counsel for Plaintiff*
                                          Sulaiman Law Group, Ltd.
                                          2500 S. Highland Avenue, Suite 200
                                          Lombard, IL 60148
                                          Phone: (630) 575-8181
                                          mdaher@sulaimanlaw.com